**Enxhi Qirici, Esq.**
**MACEDO LAW LLC**
**91 Montvale Ave, Suite 315**
**Stoneham, MA 02180**
**Phone (617) 665-7911**
**eoir@macedolaw.com**
**MA BBO: 713563**
**Counsel for Petitioner**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GEORGES NSILOULOU MIA NZAMBI ASSUMBE BALUNDA Petitioner, <br><br> v. <br><br> ANTONE MONIZ <br> (*Superintendent, Plymouth County Correctional Facility*), <br> DAVID T. WESLING, <br> (*Field Office Director*), <br> MICHAEL KROL <br> (*HSI New England Special Agent in Charge*), <br> TODD LYONS <br> (*Acting Director U.S. Immigrations and Customs Enforcement*) <br> MARKWAYNE MULLIN <br> (*U.S. Secretary of Homeland Security*) <br> U.S. DEPARTMENT OF HOMELAND SECURITY; and <br> TODD BLANCHE <br> (*Attorney General of the United States*) <br> Respondents | Case No. <br><br><br> **EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS** |

### I.   INTRODUCTION

1. Petitioner, Georges Nsiloulou Mia Nzambi Assumbe Balunda, is a native and citizen of Congo.

2. Petitioner last entered the United States on or about January 22, 2024, on a B-2 tourist visa through John F. Kennedy International Airport in New York.

3. Within one year of his entry, the Petitioner filed an affirmative application for asylum with U.S. Citizenship and Immigration Services (USCIS).

4. Petitioner is currently being held at Plymouth County Correctional Facility located at 26

Long Pond Rd., Plymouth, MA 02360.

5. His detention is in violation of the Due Process Clause of the Fifth Amendment.

## II.  JURISDICTION AND VENUE

6. This action arises under the Constitution of the United States and the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 et seq.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 2241 (habeas corpus) and 28 U.S.C. § 1331 (federal question) and Article I, § 9, cl. 2 of the United States Constitution (Suspension Clause).

8. Venue is proper in this district because Petitioner is detained in Massachusetts in the custody of Respondents.

9. This Court may grant relief under the habeas corpus statutes, 28 U.S.C. § 2241 et. seq., the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and the All Writs Act, 28 U.S.C. § 1651.

## III. PARTIES

10. Petitioner, Georges Nsiloulou Mia Nzambi Assumbe Balunda, a national of Congo currently detained at Plymouth County Correctional Facility located at 26 Long Pond Rd., Plymouth, MA 02360, under the custody of U.S. Immigration and Customs Enforcement.

11. Respondent Antone Moniz is the Superintendent of the Plymouth County Correctional Facility and is petitioner's immediate custodian.

12. Respondent David Wesling is the New England Field Office Director for U.S. Immigration and Customs Enforcement.

13. Respondent Michael Krol is the New England Special Agent in Charge for Homeland Security Investigations for U.S. Immigration and Customs Enforcement.

14. Respondent Todd Lyons is the Acting Director for U.S. Immigration and Customs Enforcement.

15. Respondent Markwayne Mullin is the U.S. Secretary of Homeland Security.

16. Respondent, U.S. Department of Homeland Security is the federal agency responsible for implementing and enforcing the immigration laws of the United States, including the detention and removal of noncitizens.

17. Respondent Todd Blanche is the Attorney General of the United States and the head of the U.S. Department of Justice. The Attorney General has ultimate supervisory authority over the immigration courts and the Board of Immigration Appeals and is charged with ensuring compliance with federal law in immigration detention and removal matters.

18. All respondents are named in their official capacities.

19. On information and belief, Petitioner is currently in custody in the District of Massachusetts, and one or more of the Respondents is his immediate custodian.

## IV. FACTS

20. Petitioner is a citizen and native of Congo who last entered the United States on or about January 22, 2024, on a B-2 tourist visa through John F. Kennedy International Airport in New York. Petitioner has remained continuously present in the United States since that date.

21. Within one year of his entry, the Petitioner timely filed an affirmative application for asylum with U.S. Citizenship and Immigration Services (USCIS). That application remains pending, and he is currently awaiting the scheduling of his asylum interview.

22. The Petitioner has no criminal history. He has not been arrested, charged, or convicted of any criminal offense in the United States or elsewhere.

23. On June 9, 2026, immigration officers arrested the Petitioner at his residence in South Portland, Maine. The officers stated that they were seeking him based on a visa overstay.

24. To the best of the Petitioner's knowledge, no arrest warrant was presented at the time of his apprehension.

25. Following his arrest, ICE took the Petitioner into custody, and he remains detained at Plymouth County Correctional Facility.

26. To the best of the Petitioner's knowledge, removal proceedings have been initiated and he is scheduled to appear before the Chelmsford Immigration Court for a Master Hearing on June 22, 2026, although the system has not yet been fully updated.

27. ICE has not produced any valid removal order or lawful statutory basis to continue holding the Petitioner. He is not subject to expedited removal under INA § 235(b), nor to mandatory detention under INA § 236(c), and he is not under a final order of removal that would implicate INA § 241.

28. Given the absence of any clear legal basis for his continued detention and Petitioner's prior compliance with timely filing for immigration relief through asylum, the Petitioner properly brings this habeas action to challenge the lawfulness of his arrest.

*Legal Background*

29. Petitioner is member of the class certified in *Guerrero Orellana v. Moniz*, No. 25-CV-12664-PBBS, 2025 WL 3033769 (D. Mass. Oct. 30, 2025), as well as the class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ----, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025) (order certifying Plaintiffs-Petitioners' proposed nationwide Bond Eligible Class, incorporating and extending declaratory judgment from Order Granting Petitioners' Motion for Partial Summary Judgment (citing *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d --- , 2025 WL 3289861, at *11 (C.D. Cal. Nov. 20, 2025) (granting partial summary judgment to named Plaintiff-Petitioners)).

30. Further, due to the backlog, in cases before the Immigration Court system, there exist substantial delays in processing, scheduling, and holding bond hearings for detained non-citizens. At this time, non-citizens are often waiting weeks for hearings at which they may present their case for release on bond.

31. These substantial delays are in violation of the Due Process Clause of the Fifth Amendment to the U.S. Constitution.

## V.  REQUIREMENTS OF 28 U.S.C. §§ 2241, 2243

1. The Court must grant the petition for writ of habeas corpus or issue an order to show cause (OSC) to the Respondents "forthwith," unless the petitioner is not entitled to relief. 28 U.S.C. § 2243. If an OSC is issued, the Court must require Respondents to file a return "within three days unless for good cause additional time, not exceeding twenty days, is allowed." *Id*.

2. Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the most important writ known to the constitutional law of England, affording as it does a swift and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963).

3. Petitioner is "in custody" for the purpose of § 2241 because Petitioner is arrested and detained by Respondents.

## VI. CLAIMS FOR RELIEF
### Count I – Violation of the Fifth Amendment Right to Due Process
### (Procedural Due Process)

1. Petitioner repeats and realleges all prior paragraphs as if fully set forth herein.

2. The Fifth Amendment provides that "[n]o person" shall be "be deprived of life, liberty, or property, without due process of law."

3. On information and belief, Petitioner was arrested in Maine and then placed in custody at <u>Plymouth County Correctional Facility</u> located at 26 Long Pond Rd. Plymouth, MA 02360 without cause and in violation of his constitutional rights to due process of law.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, the Petitioner respectfully requests this Honorable Court grant the following:

1. Assume jurisdiction over this matter;

2. Order that Petitioner shall not be transferred outside the District of Massachusetts;

3. Issue an Order to Show Cause ordering Respondent to show cause as to why this Petition should not be granted within three days;

4. Declare that the Petitioner's detention violates the Due Process Clause of the Fifth Amendment;

5. Order Petitioner's immediate release, subject to any appropriate conditions, or require that he be provided a bond hearing pursuant to 8 U.S.C. §1226(a);

6. Declare that the continued immigration detention of Petitioner violates 8 U.S.C. § 1226(a);and

7. Grant any other and further relief this Court deems just and proper.

Respectfully submitted,

Dated: June 12, 2026

_/s/ Enxhi Qirici_
Enxhi Qirici, Esq.
BBO: 713563
_Macedo Law LLC_
_91 Montvale Ave, Ste 315_
_Stoneham, MA 02180_